UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANET LOWE, AMIN M. KESHWANI, LING-CHUAN CHU, HELEN JANE FRIED AND MARYLYNN DONNA FAIRFIELD | : | No. 3:16-CV-00381 (JCH) |
| Plaintiffs | : | |
| v. | : | |
| TOWN OF MANSFIELD, PLANNING AND ZONING COMMISSION OF THE TOWN OF MANSFIELD, MAYOR OF MANSFIELD, PAUL SHAPIRO, TOWN MANAGER, MATTHEW HART, DIRECTOR OF ZONING AND DEVELOPMENT, LINDA M. PAINTER, AND ZONING COMMISSION CHAIR, JOANN GOODWIN, AND ADAM LAMBERT | : | December 2, 2016 |
| Defendants | | |

**THIRD AMENDED APPEAL**

NATURE OF THE ACTIONS

1. COME NOW, the Plaintiffs, Janet Lowe, Amin M. Keshwani, Ling-Chuan Chu, Helen Jane Fried and Maryllyn Donna Fairfield, in an administrative zoning appeal with public nuisance and negligence claims; civil rights claims, under the Fair Housing Amendments Act of 1988, 42 U.S.C. Sec. 3601, *et seq.*, and Title II of the Americans with Disabilities Act of 1990; Fourteenth Amendment equal protection federal and state constitutional claims, "under the color of state law," 42 U.S. Code Sec. 1983, with related claims of retaliation; and civil rights civil conspiracy claims under 42 U.S.C. Sections 1985(3), among the entities known as: (1) the corporation the Town of Mansfield; (2) the Planning and Zoning Commission of the Town of Mansfield, as the separate legal entity provided for in the Town Charter of

Mansfield; (3) the Town Attorney Kevin M. Deneen; and (4) Insurance coverage defense for the Town of Mansfield by Attorney Thomas Gerarde and Attorney Winifred Gibbons (a.k.a. Winifred Binda), and under 42 U.S.C. Section 1986, against individually named defendants. AND COME NOW, the Plaintiffs, Janet Lowe, Amin M. Keshwani, Ling-Chuan Chu, Helen Jane Fried and Maryllyn Donna Fairfield in a private nuisance action against Adam Lambert, the owner of subject parcel, 39 Olsen Drive, Mansfield Center, Connecticut, 06250. Declaratory and injunctive relief and damages are sought to remedy the Defendant Town's and Planning and Zoning Commission's discriminatory practices.

### I.   JURISDICATION AND VENUE

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. Sec. 1331, for the Americans with Disability Act (hereafter "ADA") and as this action arises under the Fourteenth Amendment to the United States Constitution; under 28 U.S.C. Sec. 1343(a)(3), to redress deprivations, under the color of state law, of rights, privileges, and immunities secured by the United States Constitution; under 28 U.S.C. Sec. (a)(4), to recover damages and secure equitable relief under Acts of Congress, specifically 42 U.S.C. Sec. 1983, which provides a cause of action for deprivation of constitutional rights under the color of state law; under 42 U.S.C. Sec. 3604 to address violations of the Fair Housing Act (hereafter "FHA"); under 42 U.S.C. Sec.1985(3), to prevent conspiracies against protected rights, under U.S.C. Sec. 1986, to prevent failures to act when conspiracies against protected rights can be prevented; and under 28 U.S.C. Sec. 1367, to redress supplemental rights under state law.

3. Venue is proper because the incidents giving rise to this action occurred with this judicial district.

### II.   PARTIES

4. At all times mentioned herein, the plaintiff Janet Lowe, who is over the age of 65 with a physical disability that makes her a qualified individual as understood within the ADA and FHA, lived and was the owner of property known as 12 Olsen Drive,

Mansfield Center, Connecticut, 06250.

5. At all times mentioned herein, the plaintiff Amin M. Keshwani, who is over the age of 65 with a physical disability that makes him a qualified individual as understood within the ADA and FHA, was the co-owner of and lived at 61 Olsen Drive, Mansfield Center, Connecticut 06250; his property borders the Lambert parcel.

6. At all times mentioned herein, the plaintiff Ling-Chuan Chu, was the co-owner of and lived at 61 Olsen Drive, Mansfield Center, Connecticut 06250; her property borders the Lambert parcel.

7. At all times mentioned herein, the plaintiff Helen Jane Fried, who is over the age of 65 with physical disabilities that make her a qualified individual as understood within the ADA and FHA, lived at and was the co-owner of and lived at a property known as 39 Olsen Drive, Mansfield Center, Connecticut 06250,

8. At all times mentioned herein, the plaintiff Maryllyn Donna Fairfield, who is over the age of 65 and has living with her two disabled elderly parents over the age of 65 with disabilities that make them qualified individuals as understood within the ADA and FHA, lived at and was the co-owner of and lived at a property known as 39 Olsen Drive, Mansfield Center, Connecticut 06250.

9. At all times relevant to this Complaint, the defendant, Planning and Zoning Commission (hereafter PZC") was authorized, as a separate legal entity from the Town Council of Mansfield and its agents, to independently interpret and apply land use regulations for the Town of Mansfield, Connecticut, with an address of Audrey P. Beck Municipal Building, 4 South Eagleville Road, Mansfield, Connecticut, 06268. Defendant PZC is a branch, Department, agency, or instrumentality of a government within the meaning of 42 U.S.C. Sec. 2000cc-5(4)(A).

10. At all times relevant to this Complaint, the defendant, Town of Mansfield was a municipal corporation duly formed and existing pursuant to the laws of the State of Connecticut. Defendant Town of Mansfield is empowered to act through its governing body, officials, employees and may be sued. Defendant Town of Mansfield enacted laws,

3

including land use laws for the Town of Mansfield, Connecticut, authorizing the defendant PZC independent from the Town Council and its agents to make decisions granting or denying applications for the use of land within the town; the Town of Mansfield is the recipient of Federal funds and employs over 15 employees.

11. Since November 9, 2015, defendant, Paul Shapiro, sued herein in his individual and official capacities, has been the mayor of the Town of Mansfield, a position duly formed and existing pursuant to the laws of the State of Connecticut and Town of Mansfield, whose position it is, with an affirmative duty, to ensure that the acts of the Town do not discriminate against individuals with disabilities in the community and has, as with the members the Town Council, a supervisory responsibility of the Town Manager, who, in that capacity, has oversight responsibility for town employee actions.

12. At all times relevant to this Complaint, the defendant Matthew Hart, who is sued herein in his individual and official capacity, has been the Town Manager for the Town of Mansfield, a position duly formed and existing pursuant to the laws of the State of Connecticut and Town of Mansfield, whose position has an affirmative duty to ensure that acts of the Town do not discriminate against individuals with disabilities and has a supervisory responsibility for the actions of the Director of Planning and Development.

13. At all times relevant to this complaint, the defendant, Linda M. Painter, who is sued herein in her individual and official capacities, was the Director of Planning and Development, an agency within Town government subject to the oversight and control of her immediate supervisor Town Manager Matthew Hart, and the Town Council.

14. At all times relevant to this complaint, the defendant, JoAnn Goodwin, who is sued herein in her individual and official capacities, was Chairperson for the PZC, an independent municipal entity, empowered to interpret and apply land use regulations for the Town of Mansfield, Connecticut, with an independent entity address housed at Audrey P. Beck Municipal Building, 4 South Eagleville Road, Mansfield, Connecticut 06268.

15. At all times relevant to this Complaint, the defendant, Adam Lambert was the owner of

the, hereafter subject property, 17 Olsen Drive, Mansfield Center, Connecticut 06250 and engaged in the commercial development of that property parcel in an area zoned only for residential use, creating circumstances taken as a whole, that created a private nuisance to plaintiffs, in that: he added additional an unapproved driveway to the street on which the plaintiffs live without permitted approval; he constructed buildings for commercial storage of land equipment without a permit; he moved of more than 200 cubic yards of soil on that property without a permit, changing the existing topography and water flow drainage off of his property to the lower plaintiff property parcels, while representing the addition of swine to his parcel.

### III.    FACTUAL BACKGROUND

16. The plaintiff Lowe's property at 12 Olsen Drive, Mansfield Center, Connecticut is within 100 feet of the subject property, 17 Olsen Drive, Mansfield Center, Connecticut 06250.
17. The plaintiff Keshwani's property at 61 Olsen Drive, Mansfield Center, Connecticut abuts and is down slope of the subject property.
18. The plaintiff Chu's property at 61 Olsen Drive, Mansfield Center, Connecticut abuts and is down slope of the subject property.
19. The plaintiff Fried and Fairfield property at 39 Olsen Drive is within 100 feet of the subject property and is down slope of the drainage water flowing off that parcel.
20. Mansfield Center is a part of the corporate entity known as the Town of Mansfield.
21. On May 7, 2015, Adam Lambert filed a Special Permit Application, pursuant to Article V, Section B of the Zoning Regulations for the Town of Mansfield to build a two-bedroom efficiency on his property at 17 Olsen Drive, Mansfield Center, CT.
22. In that May 7, 2015 Special Permit application, Adam Lambert represented that the development of his property was to be for residential use, that the area of subject property was one acre, now new development was to occur on site and that there were to be no changes to outside landscaping; all of these representations are false, untrue to fact and

untrue to the application of those facts.

23. Notice of the PZC hearing, to be held for the special permit application, was published on June 2, 2015 and June 10, 2015 with references that cited documents were available for review in the town offices.

24. On June 15, 2015 the PZC public hearing on the special permit application was convened, Plaintiff Lowe and Fried testified. Those plaintiffs, and neighbors, testified that commercial development would have a disparate impact on the elderly with disabilities in the neighborhood. Walking, as needed for good health outcomes for those with disabilities, the elderly, would be too difficult to manage with increased student traffic and even more student parking on Olsen Drive, as exacerbated by the special permit development before them for a two-bedroom efficiency, of commercial use.

25. Olsen Drive is a public road, in a circular loop with a downward slope allowing for limited vision of approaching traffic; it is heavily vegetated at the lowest point of the sloping curve; and it does not have sidewalks, public lighting, speed bumps, speed signs, or a public shoulder, as indicted in the 2016 surveyors report Exhibit A.

26. Olsen Drive does not have a water drainage system or painted mid-line road demarcation.

27. Olsen Drive renters, and their visitors, have a pattern and practice of parking their vehicles on that road for limited, but unregulated periods of time; visitor parking on that road has increased exponentially as the number of student rents have increased.

28. After the close of the public hearing, the PZC convened to discuss the Lambert special permit application; therein the issues raised about the social and health considerations associated with the commercial development on Olsen Drive, was not discussed and it was asserted by the PZC that those considerations could not be a assessed in the permit approval process and they were not.

29. The late Peter Plant, a member of the PZC and Town Plan of Conservation Committee stated that time that the PZC had voted to reject two-bedroom efficiencies.

.

30. Olsen Drive is located in a college town, the University of Connecticut, and is also within close commuting distance to Eastern Connecticut State University, Olsen Drive's fastest growing resident and visitor population is of college ae students between the ages of 18-26.

31. College age drivers, as a cohort, have more automobile accidents and traffic violations, with higher insurance costs, than any other age group and that alcohol consumption is a major contributing factor, as provided by state and federal traffic studies.

32. Pedestrians age 65 and older account for the highest pedestrian fatality rate, more than all other ages groups occurring to U.S. D.O.T. Traffic Safety Facts 2011.

33. The PZC and the Town of Mansfield has articulated no rational reason or otherwise legitimate governmental purpose justifying a zoning regulation special permit reviewing process that could otherwise obviate the substantially disproportionate effect against the disabled elderly minorities and individuals with disabilities in general by broadening PZC discussion of the minority interest needs of the elderly with disabilities.

34. The elderly with disabilities are similarly situated to the elderly without disabilities, but as qualified individuals under the ADA and FHA they are in need of further consideration and accommodation in program planning and land use planning from the Town.

35. The PZC's denial of considerations raised in the special permit public hearing on behalf of the elderly with disabilities and in the granting of the special permit showed a reckless disregard for the rights of the named plaintiffs as either elderly residents with disabilities or as residents with disabilities.

36. The PZC special permit process and the Town's zoning regulation process, without allowing for consideration of the disparate impact of land use decisions on those with disabilities, in general, and here specifically the elderly with disabilities, will have the effect of perpetuating segregation by excluding the disabled elderly from Town of Mansfield neighborhoods and thereby depriving residents the opportunity to live in an integrated community which includes the elderly with disabilities, not just in institutional care as advanced by Mayor Paul Shapiro.

37. On June 15, 2015, the defendant PZC granted the special permit application made by defendant Lambert to commercially develop 17 Olsen Drive.
38. Prior to the granting of the Lambert permit neither the PZC, as an entity, nor did the Town of Mansfield under the supervision of Town Manager Matthew Hart or the Town staff liaison to the PZC Linda M. Painter through due diligence establish that the factual representation made by Adam Lambert in his May 7, 2015 special permit application were true.
39. The Town of Mansfield does not have a practice of investigating self-affirming statements made in special permit applications, even as here, as where representations in the public hearing record that plaintiffs did not believe Adam Lambert to be truthful based upon his representation to them in the past and that they did not believe he and his family lived in the subject property, as required in efficiency development, because of their observations of the lack of a daily routine.
40. In granting the special permit application, resulting in a zone change, the PZC acted unlawfully, arbitrarily, capriciously, and in abuse of the discretion vested in it, in one or more of the following ways:
    a. It failed to provide adequate notice of the proposed zone change as provided by Sec. 8-3 of the Connecticut general Statutes and failed to provide any notice to the public at all that the development was to be for commercial purposes;
    b. It failed to follow the guidelines set forth in the Town's Plan of Conservation and Development to "…promote retention of historic, traditional or significant character and adaptive reuse." As well as guidelines to promote "aging in place" as advanced in section seven of the Town Plan of Conservation.
    c. It failed to follow the parameters as set forth in its own land use regulations that the commercial use of an Efficiency Unit, would be based upon the financial need of the applicant, not the off-campus residential housing needs of surrounding Universities as they divest of residential housing capital and development.

    d. It noticed an application to the public that was erroneous and thereby thwarted meaningful public discourse concerning town land use and the needs of the elderly in Town, outside of institutional care.

    e. It allowed a Multi-family unit at the subject property, which is not a permitted use within the RAR-90 Zone District in which the subject property is contained.

    f. In conducting the PZC special permit application, the PZC, acting through its Chairperson, JoAnn Goodwin, improperly and unlawfully limited discussion by PZC member Binu Chandy, regarding the financial burden language of Article V, Section B of the Zoning Regulations for the Town of Mansfield.

41. The actions of the PZC, acting outside of its own standard, will have a more harmful impact on the elderly with disabilities than any other non-disabled residents in the Olsen Drive neighborhood because: the elderly with disabilities have a major health problem- falls, 30% of persons over the age of 65 who live in the community fall each year, the rate increases to 40% among those over the age of 80; elderly who survive falls may have restricted activity, soft-tissue injuries, or fractures requiring hospitalizations or immobilization for an extended period; falls account for 40% of admissions in nursing homes. With increased age, there is a progressive loss in the functioning of vision, vestibular sense, proprioception, muscle strength and reaction time. The elderly with physical and mental disabilities are at even greater risk, in risk factor consideration, for reduced reaction time to new hazardous events and the loss of balance while walking in the community. Consequently, the perception of safe mobility on Olsen Drive has negatively impacted the plaintiffs with disabilities, and their elderly family members with disabilities, by limiting both the physical exercise and social aspects of interacting in one's neighborhood.

42. Plaintiff Fried suffered and suffers, severe emotional distress and mental anxiety that her concerns would not be considered by the PZC knowing that many others like herself will suffer, incorporating by reference Exhibit B, Fried's affidavit, as there is a large percentage of elderly with disabilities on Olsen Drive, that need to walk for good health

outcomes that will not feel able to safety walk because of the increased number of student age drivers residing or visiting Olsen Drive.

43. Plaintiffs' perception of safety on the Olsen Drive is impacted by the narrow street, made even narrower by renter and visitor parking on that street, which limits the ability of emergency vehicles to freely enter house driveways for access to those in medical need.

44. Emergency services for the elderly in the Town of Mansfield account for the largest single source of routine calls; the granting of the special permit application, as applied, to the subject property causes increased renter and visitor parking on Olsen Drive and, consequently, a public nuisance as emergency vehicles have restricted, if not blocked access, to houses on that road.

45. After the administrative zoning appeal to Superior Court but before Defendants' moved this action to Federal Court, Town Counselor Ben Shaiken, went to the house of plaintiff Janet Lowe and told her that her lawsuit could not be successful and that "she was wasting taxpayer money."

46. After plaintiff Lowe, and the other named plaintiffs, had engaged in this protected behavior, an administrative appeal, the Town of Mansfield through its agents and with the knowledge of its Town Manager and Mayor continued to allow for increased commercial developments on the Lambert property, which pose substantial health and financial costs to the plaintiffs, without proper permits and without taking immediate action to research and provide remedy to the altered water drainage and effluvium flow off the Lambert parcel.

47. Retaliation by the Town of Mansfield, acting through its Mayor, Town Manager, and employed agents also included denying access to Town held documentation of the Town's response to on-going commercial development concerns of the Lambert parcel voiced by the plaintiffs and through their counsel and town.

48. The pattern and practice of denying statutorily mandated documentation production of documents in the Town's possession, while acting under color of state law, was also evidenced in the Town's repeated failure to disclose in a Certified Record, pursuant to

P.B. Sec. 14-7b the PZC zoning hearing transcript of June 15, 2015. The Town of Mansfield, and the actions of Linda M. Painter in her individual and official capacities conspired with the separate entity, the PZC and Town Attorney Kevin Deneen and Town insurance defense counsel, lawyers Thomas Gerarde and Winifred Gibbons (a.k.a Winifred Binda) of keeping the complete PZC hearing and deliberation transcripts and the copies of audio productions of that proceeding from the plaintiffs, they then withheld those documents, releasing only upon a Motion to Compel. Their purpose was to deny the plaintiffs, as qualified individuals with disabilities under the ADA and FHA, or in pursuit of protecting the rights of those with disabilities, the equal protection of the laws as they pursued them though their court appeals. And in so doing, the conspirators harmed the the plaintiffs by prolonging the duration and stress of litigating, challenging their resolve to seek legal recourse to remedy both the evolving financial and health costs of commercial development in their neighborhood and obstructing the advancement of their claims.

49. The defendants Linda M. Painter in her individual capacity and JoAnn Goodwin in her individual capacity, working outside of their proscribed employment in the case of Painter and working outside to of the fiduciary obligations as Chairperson for the PZC unlawfully represent facts under the penalty of perjury that were known to be untrue, and with full knowledge of the conspiracies as described in paragraph 48, Mayor Paul Shapiro and Town Manager Matthew Hart failed to take any action to end this evolution of harm to the plaintiffs, all acts were under the color of state law.

50. The provided paper transcripts of the special permit proceedings of June 15, 2015, public hearing and deliberation, and the audio recording of those proceedings indicate that the PZC failed to rule on the special permit application of Adam Lambert for his parcel on 17 Olsen Drive, but granted a special permit application for a parcel referred to as 17 Nelson Drive.

51. Incorporating paragraphs 15 and 22 above herein, Adam Lambert has through his actions, taken in their totality, created a private nuisance to the plaintiffs through the commercial

11

development of his property and through harassment with racial overtones and threatening actions, spurious allegations to police officers of lewd and inappropriate behavior of his neighbors, the free ranging of his chickens and of his dog, after plaintiff neighbors' voiced concerns about the free range of that large dog on their properties and the intermittent burning of numerous fallen trees on the border of their property lines, both with and without a Town fire permit to do so.

### IV. CAUSES OF ACTION

#### COUNT I

**Violations of the Town of Mansfield Zoning Regulations**

52. Plaintiffs incorporate by reference the allegations in paragraphs 1-51 as if fully set forth herein.

53. The conduct of the PZC acted unlawfully, arbitrarily, capriciously and in abuse of the discretion vested in it all outside of the guidelines set forth in its own land use regulations promulgated by the separate entity the Town of Mansfield.

#### COUNT II

**Violations of the Fair Housing Act Violations under State Law**

54. Plaintiffs incorporate by reference the allegations in paragraphs 1-51 as if fully set forth herein.

55. The conduct of the defendants the Town of Mansfield, through their officials and agents, and the separate legal entity the PZC, through their members, violated the Connecticut Fair Housing Act as set forth at C.G.S. Sec. 46a-64c.

#### COUNT III

**Violations of the Fair Housing Act under Federal Law**

56. Plaintiffs incorporate by reference the allegations in paragraphs 1-51 as if fully set forth herein.

57. The conduct of the defendants the Town of Mansfield, through their official and agents, and the separate legal entity the PZC through their members violated the Fair Housing Act, 42 U.S.C. Section 3604.

### COUNT IV

**Violation of State Constitution**

58. Plaintiffs incorporate by refence the allegations in paragraphs 1-51 as if fully set forth herein.

59. The conduct of the Defendants Town of Mansfield and separate legal entity the PZC violated the CT Const. Article XXI.

### COUNT V

**Violation of Federal Constitution**

60. Plaintiffs incorporate by refence the allegations in paragraphs 1-51 as if fully set forth herein.

61. The conduct of the defendant Town of Mansfield and the separate legal entity the PZC Violated the U.S. Constitution amend XIV.

### COUNT VI

**Violation of the Federal Constitution under the Color of State Law**

62. Plaintiffs incorporate by reference the allegations in paragraphs 1-51 as if fully set forth herein.

63. The conduct of the Town of Mansfield and the separate legal entity the PZC Violated the U.S. Constitution amend XIV under the color of state law, 42 U.S.C. 1983.

### COUNT VII

**Civil Conspiracy**

64. Plaintiffs incorporate by reference the allegations in paragraphs 1-51 as if fully set forth herein.

65. The conduct of the Defendants Town of Mansfield, and Linda M. Painter in her individual and official capacities, and the separate legal entity the PZC with JoAnn Goodwin acting in her individual and official capacities, with the Town Attorney Kevin Deneen and Town of Mansfield insurance defense counselors Attorney Thomas Gerarde And Winifred Gibbons (a.k.a. Winifred Binda) violated U.S.C. 1985(3) Civil Conspiracy.

## COUNT VIII

### Civil Conspiracy of Individual Defendants

66. Plaintiffs incorporate by reference the allegations in paragraphs 1-51 as if fully set forth herein.

67. The conduct of the defendants Mayor Paul Shapiro and Town Manager Mathew Hart Violated 42 U.S.C. 1986.

## COUNT IX

### Creation of a Public Nuisance

68. Plaintiffs incorporate by reference the allegations in paragraphs 1-51 as if fully set forth herein.

69. The conduct of the defendant Town of Mansfield, through its agents, and the separate legal entity the PZC created a public nuisance.

## COUNT X

### Negligent Actions of the Town of Mansfield and PZC

70. Plaintiffs incorporate by reference the allegations in paragraphs 1-51 as if fully set forth herein.

71. The conduct of the defendant Town of Mansfield, through its agents, and the separate legal entity the PZC engaged in negligent conduct harming the plaintiffs in this action and the Town of Mansfield community.

## COUNT I Against Adam Lambert

### Creation of a Private Nuisance

72. Plaintiffs incorporate by reference the allegations in paragraphs 1-51 as if fully set forth herein.

73. The conduct of Adam Lambert created a private nuisance harming the named plaintiffs in this action.

### V. RELIEF

Wherefore, the Plaintiffs request that the Court:

a. enter a declaratory judgment finding that the actions of the defendant Town of Mansfield

and the separate legal entity the PZC violated the State and Federal Constitutions under the color of state law 42 U.S.C. Section 1983; State and Federal Fair Housing Acts, Civil Conspiracy under 42 U.S.C. 1985(3) and Individual Conspiracy under 42 U.S.C. Section 1986;

b. enter a permanent injunction directing the Defendants Town of Mansfield and the separate legal entity the PZC from continuing to engage in the illegal discriminatory conduct alleged in this complaint;

c. enter a decision that sustains this zoning appeal;

d. find that the Defendants Town of Mansfield and the PZC created a public nuisance and order compensatory damages to fully compensate for the economic loss, humiliation, embarrassment, physical and emotional distress and mental anguish caused by the defendant Town of Mansfield and PZC violations of the law as alleged in this Complaint and order compensatory damages to fully compensate for the economic loss, humiliation, embarrassment, physical and emotional distress and mental anguish caused by the defendant Town of Mansfield and PZC violations of the law as alleged in this Complaint to remedy to these harms;

e. find that the Defendants Town of Mansfield and the PZC were negligent in their actions and order compensatory damages to fully compensate for the economic loss, humiliation, embarrassment, physical and emotional distress and mental anguish caused by the defendant Town of Mansfield and PZC violations of the law as alleged in this Complaint and order compensatory damages to fully compensate for the economic loss, humiliation, embarrassment, physical and emotional distress and mental anguish caused by the defendant Town of Mansfield and PZC violations of the law as alleged in this Complaint to remedy to these harms;

f. find that the Defendant Adam Lambert created a private nuisance harming the plaintiffs, and order compensatory damages to fully compensate for the economic loss, humiliation, embarrassment, physical and emotional distress and mental anguish caused by the defendant Adam Lambert.

g. Award punitive damages in an amount that would punish the defendants Town of Mansfield and the PZC for the willful, wanton and reckless misconduct alleged in this Complaint to deter future discriminatory practices under the ADA and FHA and those similarly wanton acts of the defendant Adam Lambert;

h. order all other relief deemed just and equitable by the Court.

RESPECTFULLY SUBMITTED,

The Plaintiffs,

By, /s/ CT11617

Arthur A. Smith

Law Offices of Arthur A. Smith

28 Grand Street

Hartford, CT 06106

Tel.: (860) 724-3333

Fax: (860) 550-6779

## CERTIFICATION

This is to certify that on this 2nd day of December, 2016 the foregoing Amended Complaint was sent electronically to all counsel of record and to Adam Lambert.

/s/ CT11617

Arthur A. Smith