UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANET LOWE, ET AL., | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 16-CV-381 (JCH) |
| v. | : | |
| | : | |
| PLANNING & ZONING COMMISSION | : | |
| OF THE TOWN OF MANSFIELD, ET AL. | : | APRIL 14, 2017 |
| Defendants. | : | |

**RULING RE: MOTION TO DISMISS (DOC NO. 73) AND
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DOC. NO. 84)**

I. **INTRODUCTION**

Plaintiffs Janet Lowe, Ling-Chuan Chu, Maryllyn Donna Fairfield, Helen Jane Fried, and Amin M. Keshwani (collectively "plaintiffs") filed this lawsuit against the Planning and Zoning Commission of the Town of Mansfield ("PZC") in the Superior Court for the Judicial District of Hartford on July 7, 2015. Notice of Removal (Doc. No. 1) at 1. On December 21, 2015, the plaintiffs moved to amend the Complaint, and on February 25, 2016, the proposed Amended Complaint became operative. Id. The defendants then removed the action to federal court on March 7, 2016.

The plaintiffs moved for leave to amend the Amended Complaint on August 4, 2016. Plaintiffs' Motion for Leave to File Second Amended Complaint and Brief in Support (Doc. No. 41). After reviewing the defendants' objections to that Motion, the court gave the plaintiffs leave to file the Second Amended Complaint. Minute Entry (Doc. No. 48). This Second Amended Complaint was filed on September 16, 2016. Second Am. Compl. ("SAC") (Doc. No. 53). The SAC added the Town of Mansfield,

1

Paul Shapiro, Matthew Hart, Linda Painter, JoAnn Goodwin, and Adam Lambert as defendants. Id. at 3-4.

Now before the court is the defendants' JoAnn Godwin, Matthew Hart, Linda Painter, PZC, Paul Shapiro, and the Town of Mansfield's (collectively the "Mansfield Defendants") Motion to Dismiss.[1] (Doc. No. 73). Seemingly in response to the Motion to Dismiss, the plaintiffs filed a Motion for Leave to File 3rd [sic] Amended Complaint ("Motion to Amend"). (Doc No. 84). The plaintiffs' Motion to Amend, however, was submitted with only the first three pages of a supporting brief, and so the court was without guidance as to whether the plaintiffs intended the proposed Third Amended Complaint to moot the pending Motion to Dismiss or was instead raising new claims. See id. (ending without a signature and after the sentence "New discovery was just provided through a Motion to Comepl [sic] on September 9, 2016."). On January 17, 2017, the court ordered the plaintiff to show cause why the unopposed Motion to Dismiss should not be granted, or in the alternative, why the proposed Amended Complaint would moot the Motion to Dismiss. Order to Show Cause (Doc. No. 90).

The plaintiffs responded on January 30, 2017, that a grant of their Motion to Amend would moot any ambiguity in the SAC because the Third Amended Complaint contained the following clarifications: (1) a statement that the PZC's denial of certain considerations showed a reckless disregard for the rights of the plaintiffs as individuals

---

[1] Defendant Adam Lambert had not made an appearance at the time the Motion to Dismiss was filed, and as such had filed no responsive pleading or brief in connection with the SAC. The SAC does not reference Lambert in any of the claims against the defendants, merely detailing his application for a special permit. As such, the SAC does not provide Lambert with sufficient clarity regarding what claims, if any, are being brought against him, and so the analysis regarding the Motion to Dismiss that follows applies equally to him.

with disabilities; (2) alleging that the failure to disclose a certified record demonstrated a civil conspiracy; (3) clarifying the role of the Mansfield defendants in that conspiracy; and (4) stating without context that "the historical and continued animus against the protected class is expanded." Response to Order to Show Cause (Doc. No. 92) at 4. Plaintiffs simultaneously filed an Opposition to the defendants' Motion to Dismiss, to which the defendants have replied.

For the following reasons, the defendants' Motion to Dismiss is **GRANTED**, and the plaintiffs' Motion to Amend is **GRANTED IN PART** and **DENIED IN PART**.

## II.     FACTUAL ALLEGATIONS[2]

When considering a motion to dismiss, the court must accept all of the allegations contained within the Complaint as true and make all reasonable inferences in favor of the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). The court may consider the facts "as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Indiaweekly.com, LLC v. Nehaflix.com, Inc., 596 F. Supp. 2d 497, 501 (D. Conn. 2009) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007)).

The plaintiffs consist of a group of individuals who live within the neighborhood of 17 Olsen Drive, Mansfield, CT ("the Property"). SAC at ¶¶ 14-17. Plaintiffs Lowe, Fried, and Fairfield are all over the age of 65. Id. at ¶¶ 2, 5, 6. Plaintiff Fried has a disability

---

[2] The facts as laid out herein are taken from the SAC, as this was and is the operative Complaint. Because the Motion to Amend is denied as to the proposed Third Amended Complaint for the reasons set forth herein, the court will not use the facts as alleged therein as the basis upon which to consider the Motion to Dismiss.

which significantly impacts a major life activity under the Americans with Disability Act. Id. at ¶ 5. Plaintiff Fairfield lives with her two disabled, elderly parents for six months out of the year. Id. at ¶ 6.

At some point, notice was provided of a hearing on the special permit application made by Adam Lambert, and that notice did not include an intended commercial use. Id. at ¶ 19. The special permit application was granted on June 15, 2015, allowing Lambert to construct a two-bedroom efficiency unit on the Property. Id. at ¶ 20. The SAC alleges that in so granting that application, the PZC acted arbitrary and capriciously by: (1) failing to provide adequate notice of the zone change; (2) failing to follow its own conservation guidelines; (3) failing to follow the regulations which require commercial use of an efficiency unit would be based on financial need and on a plot over 40,000 square feet, by providing notice of erroneous documents; and (4) by allowing a multi-family unit on the Property, which is not permitted within the RAR-90 Zone District. Id. at ¶ 22. Additionally, the SAC alleges that the PZC limited discussion by a PZC member regarding the financial burden requirement of the Mansfield Zoning Regulations. Id. at ¶ 24.

The SAC alleges that the PZC would not consider the harmful impact of granting the special permit for a two-bedroom efficiency on the elderly with disabilities in the Olsen Drive neighborhood, namely that the granting of such a permit might increase the student population in the area and thereby limit the ability of the elderly with disabilities to safely walk in the area. Id. at ¶ 25. Specifically, Plaintiff Fried requested that the PZC consider the harmful effects to the elderly disabled in the neighborhood, but, the SAC alleges, the PZC denied this request and "actions of less discriminatory impacts

4

[sic], such as referring the raised concerns to their Town [sic] Attorney were not taken." Id. at ¶ 27.

The SAC next alleges that the PZC's practice not to consider concerns about a special permit application has or will have "the [sic] discriminatory impact on the disabled elderly in Town [sic] by limiting their ability to obtain and retain the use of appropriate housing; this practice has or will also segregate the disabled elderly and deprive residents in Town [sic] of the opportunity to live in a disabled elderly integrated community." Id. at ¶ 28. The SAC alleges that the elderly residents of the Olsen Drive neighborhood have apprehensions regarding walking on the street when there are student age drivers residing or visiting, "when rental, efficiency units, and multi-housing units are allowed to increase in this neighborhood that is situated in a university neighborhood and within close commuting distance to a second university and PZC negligence [sic]." Id. at ¶ 29.

Finally, the SAC alleges that the Town of Mansfield, through its agents, certified that the complete Certified Return of Record had been provided, despite the plaintiffs' allegation that they had not received it at the time of filing of the SAC.

## III.    LEGAL STANDARD

In considering a Motion to Dismiss for failure to state a claim under Rule 12(b)(6), the court must determine whether a complaint contains sufficient factual allegations that, if true, would state a plausible claim for relief. See, e.g., Absolute Activist Value Master Fund Ltd. V. Ficeto, 677 F.3d 60, 65 (2d Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). For the purposes of this analysis, the court must accept as true the facts alleged in the complaint and draw all reasonable inferences in the

plaintiffs' favor. See, e.g., Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011) (citing, inter alia, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). However, "general allegations, without supporting facts other than a clause incorporating an entire complaint by reference, are insufficient to withstand even a motion to dismiss because they do not give fair notice of what the claim is and the grounds upon which it rests." Moore v. City of New York, No. 08-cv-2449, 2011 WL 795103, at *7 (E.D.N.Y. Feb. 28, 2011).

A party may amend its pleading once as a matter of course within 21 days of serving it, but when the plaintiff moves to amend its pleading any subsequent time, the plaintiff may do so only "with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a). The court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court clarified this standard in Foman v. Davis, stating that, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" 371 U.S. 178, 182 (1962).

## IV. DISCUSSION

The SAC purports to state seven causes of action. However, all of the causes of action are stated in a conclusory fashion. For example, the first cause of action incorporates the preceding 31 paragraphs, and two exhibits, and then states in a conclusory fashion that the "conduct of the PZC violated the Zoning Regulations of the Town of Mansfield." SAC at ¶ 32. The second count incorporates the entire SAC,

including the paragraph alleging a violation of the zoning regulations in count one. Id. at 8 (incorporating all facts alleged in paragraphs 1-32). In fact, each of the seven counts reincorporates the entire SAC, including any preceding count, and then states that the defendants violated some law, sometimes specified, as in Count Two, which alleges that the defendants violated the Fair Housing Act, CT Gen. Stat. § 46a-64c, and sometimes without reference to any specific cause of action, as in Count One, which just alleges that the defendants' conduct violated the Zoning Regulations. Compare id. at ¶ 32 with id. at ¶ 33.

The court can conceive of no more direct violation of the requirement that the complaint contain more than conclusory statements divorced from factual allegations than those made in the SAC. See Brandon v. City of New York, 705 F. Supp. 2d 261, 268-69 (S.D.N.Y. 2010). The Complaint takes precisely the form rejected by many courts in this Circuit of, "briefly stat[ing] each cause of action in a conclusory manner, and insert[ing] a clause incorporating by reference all prior allegations in the complaint." Jansson v. Stamford Health, Inc., No. 16-cv-260, 2017 WL 1289824, at *18 (D. Conn. Apr. 5, 2017) (citing Moore, 2011 WL 795103, at *7) (internal quotation marks omitted). This poor pleading is inexcusable in a counseled complaint—it is not the court's responsibility to parse through the SAC and tie the facts generally alleged to the specific elements of each of seven counts, nor must the court attempt to divine a cause of action from a general statement such as "the conduct of the PZC violated the Zoning Regulations . . . ."

Rule 8 requires the plaintiff to file a complaint that contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

7

8(a)(2). A plaintiff shows he is entitled to relief by setting forth a short and plain statement of facts that plausibly support the elements of the cause of action. See Iqbal, 556 U.S. at 678. The SAC does not accomplish this meager task, as it does not provide the individual defendants with any indication as to which of the claims are being brought against each defendant, based on what alleged conduct. Without this information, it is impossible for the defendants to defend themselves, as they are barely on notice of more than the specific zoning meeting at which they are alleged to have caused plaintiffs' harm. Because the SAC fails to plausibly state a claim for relief under Rule 8, the court grants the plaintiffs' Motion to Dismiss as to all counts in the SAC.

Additionally, because the SAC's failings with regard to Lambert are more pronounced, as he is not a member of any municipality and nothing in the SAC suggests that he did more than apply for a permit, the court also dismisses the SAC as to him. See Attallah v. New York Coll. of Osteopathic Med., 643 F. App'x 7, 9 (2d Cir. 2016) (citing Wachtler v. Cty of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994)) (recognizing the court's authority to dismiss a complaint sua sponte for failure to a state a claim so long as the plaintiff has notice and an opportunity to be heard). The plaintiffs were put on notice of the lack of clarity in the pleadings by the defendants' Motion to Dismiss. See Defs.' Mot. to Dismiss (Doc. No. 73-1) at 3-4. Because the court is granting in part the Motion to Amend as described below, the plaintiffs will have the opportunity to seek to replead their claims in a third amended complaint. Thus, the Second Amended Complaint is dismissed in its entirety.

With regard to the Motion to Amend, the court understands its obligation to grant the Motion to Amend absent a showing of undue delay, bad faith, dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility. See Knife Rights, Inc. v. Vance, 802 F.3d 377, 389 (2d Cir. 2015). Because there is no evidence that the Motion to Amend was brought in bad faith or with any undue prejudice to the defendants, the court grants the Motion to Amend in part. Specifically, the court grants the plaintiffs leave to amend the SAC to more specifically and clearly state specific facts which, if true, would support a specific claim for relief. See In re Actos End-Payor Antitrust Litig., 848 F.3d 89, 97 (2d Cir. 2017) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). However, because the proposed Third Amended Complaint attached to the plaintiffs' Motion to Amend fails to meet this requirement, the Motion to Amend is denied in part as to that proposed amendment.

The proposed Third Amended Complaint attached to the plaintiffs' Motion to Amend is not sufficient to meet this requirement, as it too reincorporates the entire Complaint and, based on that, concludes that all defendants violated some right generally pled. See Jannsen, 2017 WL 1289824, at *18. The proposed Third Amended Complaint does take some steps in the right direction. For example, it only reincorporates factual paragraphs in the specific counts, and does not include the legal conclusions asserted in the preceding counts. See, e.g., Pls.' Proposed Third Am. Compl. (Doc. No. 84-1) at ¶ 54. It also takes steps towards clarifying which defendants are alleged to have participated in each count. See id. at ¶ 57 (alleging that "the conduct of the defendants the Town of Mansfield, through their official [sic] and agents, and the separate legal entity the PZC through their members violated the Fair Housing

9

Act . . . ."). However, on the whole, the proposed Third Amended Complaint still fails to properly state a claim for relief.

For example, in order for the plaintiffs to have stated a claim that all of the Mansfield defendants violated the Fair Housing Act as alleged in Count III, the proposed Third Amended Complaint would need to state sufficient facts to support an allegation that the Mansfield defendants decision to allow the special permit was either the product of intentional discrimination, would have a disparate impact on the plaintiffs, or that the Mansfield defendants failed to make a reasonable accommodation. Tsombanidis v. West Haven Fire Dept., 352 F.3d 565, 573 (2d Cir. 2003). The proposed Third Amended Complaint does not clarify on what theory this claim is advanced, and so the court will consider if all of the elements for any of the three theories has been alleged. See Pls.' Proposed Third Am. Compl. at ¶ 57.

A claim of disparate treatment requires the plaintiff to state facts that, if true, would support a finding that animus against a protect group was a significant factor in the decision at hand. Mhany Management, Inc. v. Cty. of Nassau, 819 F.3d 581, 606 (2d Cir. 2016). A claim of disparate impact requires the plaintiff to show, inter alia, that the decision would have a disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices. Id., 819 F.3d at 617. Finally, in order to state a claim for a reasonable accommodation, the plaintiff must show that there would be a reasonable, alternative step that the defendants could take to accommodate the handicapped. Tsombanidis, 352 F.3d at 578.

None of these elements can be found as alleged in the proposed Third Amended Complaint, other than in conclusory statements. See Pls.' Proposed Third

10

Am. Compl. at ¶ 33 (stating that the PZC ignored a substantially disproportionate effect on the disabled elderly, but not indicating any facts to support that disproportionate effect other than the fact that college age drivers get into accidents more often than other age groups and that elderly pedestrians have the highest fatality rate of all age groups); id. at ¶ 36 (stating that the PZC did not allow for consideration of the disparate impact on those with disabilities, but similarly basing this disparate impact analysis on pure speculation regarding the use of the Property); id. at ¶ 41 (stating that the decision of the PZC will have a greater impact on the elderly with disabilities because the elderly may have major falls with a negative health impact, but not explaining how the PZC decision might affect the likelihood that an elderly resident would fall). All together, the proposed Third Amended Complaint concludes, without providing any supporting facts, that defendant Lambert sought the special permit to house students, and that those students will drive recklessly and park more cars than other residents. This proposed Complaint provides no facts to support this conclusion—indeed the Complaint more specifically alleges that emergency vehicles called by elderly residents are the vehicles that restrict access to a house from the road. Id. at ¶ 44. The proposed Third Amended Complaint asks the court to infer that the special permit was intended to allow large numbers of college age students to live on the Property, and then to infer from that that these speculative residents would drive unsafely and park in large numbers, thereby blocking their access to walking on the road. Without facts to support these assertions, the proposed Third Amended Complaint fails to meet the plausibility standard required under Rule 8 because the required inferences are not reasonable. See Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009).

Similarly, the complaint baldly asserts that Linda Painter and JoAnn Goodwin were "working outside of their proscribed employment in the case of Painter and working outside to of [sic] the fiduciary obligations as Chairperson for the PZC unlawfully represent [sic] facts under penalty of perjury that were known to be untrue." Id. at ¶ 49. Assertions like this cannot properly be the factual basis on which a claim may rest. First, this paragraph does not provide any facts to support the legal conclusion that these two defendants were working in their personal capacity. Second, it does not provide any facts regarding what untrue statements were made, when they were made, and who they were made to. These "'naked assertion[s]' devoid of 'further factual enhancement'" cannot survive a motion to dismiss under Rule 12(b)(6). Iqbal, 556 U.S. at 678.

Omissions and errors like these can be found in each of the counts in the proposed Third Amended Complaint. See, e.g., Pls.' Proposed Third Am. Compl. at ¶ 53 (stating that the PZC abused its discretion under the zoning regulations, but stating no cause of action); id. at ¶ 63 (stating that the PZC violated the fourteenth amendment without identifying what conduct is alleged to have violated what Fourteenth Amendment right); id. at ¶ 69 (concluding, without plausible factual allegations, that the defendant created a public nuisance). Thus, allowing the proposed Third Amended Complaint to become operative would be futile. Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Therefore, the court grants the plaintiffs' Motion to Amend in part, but denies it as to the proposed Third Amended Complaint attached to the Motion.

## V. CONCLUSION

For foregoing reasons, the defendants' Motion to Dismiss (Doc. No. 73) is **GRANTED** as to the entire Second Amended Complaint and as to all parties, with leave for the plaintiffs to replead if plaintiffs can do so consistent with this Ruling. The plaintiffs' Motion for Leave to File 3rd [sic] Amended Complaint (Doc. No. 84) is **GRANTED IN PART**, such that the plaintiffs may file a new Amended Complaint within 21 days of the date of this Ruling that conforms with the pleading requirements of Rule 8. This is the plaintiffs' last opportunity to remedy the legal and typographic errors which have littered the previous complaints. The Motion to Amend is **DENIED IN PART** as to the proposed Third Amended Complaint, which repeats the failures of the Second Amended Complaint.

**SO ORDERED**

Dated at New Haven, Connecticut this 14th day of April, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge